(Del Rev 12/98)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

James C. Hill
_____
(Name of Plaintiff or Plaintiffs)

v.    CIVIL ACTION No. _05- 452_____

SuperFresh Food Markets, Inc.
_____
(Name of Defendant or Defendants)

## COMPLAINT UNDER TITLE VII

## OF THE CIVIL RIGHTS ACT OF 1964

1.  This action is brought pursuant to *Title VII of the Civil Rights Act of 1964*, as amended, for employment discrimination. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.  Plaintiff resides at  3 Mackenzie Drive
    (Street Address)
    Newark    New Castle    DE    19711-1505
    (City)      (County)    (State)    (Zip Code)
    (302) 737-0995 (cell) 302-545-5526
    (Area Code) (Phone Number)

3.  Defendant resides at, or its business is located at  401 New London Road
    (Street Address)
    Newark    New Castle    DE    19711
    (City)    (County)    (State)    (Zip Code)

4.  The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's  SuperFresh Food Markets, Inc. place of business
    (Defendant's Name)
    located at  401 New London Road
    (Street Address)
    Newark    New Castle    DE    19711
    (City)    (County)    (State)    (Zip Code)

5. The alleged discriminatory acts occurred on __26__ 25, __July__, __2002__ 2003.
   (Day)   (Month)   (Year)

6. The alleged discriminatory practice  ○ is   ✓ is not continuing.

7. Plaintiff filed charges with the Department of Labor of the State of Delaware,
__DIA__ __4425 N. Market Street__ __Wilmington__
(Agency)   (Street Address)   (City)
__New Castle__ __DE__ __19802__, regarding
(County)   (State)   (Zip Code)
defendant's alleged discriminatory conduct on __23__, __Dec.__, __2003__.
   (Day)   (Month)   (Year)

8. Plaintiff filed charges with the Equal Employment opportunity Commission of the United States regarding defendant's alleged discriminatory conduct on: __23__, __Dec.__, __2003__.
   (Day)   (Month)   (Year)

9. The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter which was received by plaintiff on: __6__, __April__, __2005__.
   (Day)   (Month)   (Year)

**(NOTE: ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)**

10. The alleged discriminatory acts, in this suit, concern:
    A. ○ Failure to employ plaintiff.
    B. ✓ Termination of plaintiff's employment.
    C. ○ Failure to promote plaintiff.
    D. ✓ Other acts (please specify below)

Please see Attachment #1.

Complaint Under Title VII
Question #10

Attachment #1                              (page 1 of 2)

Plaintiff was subjected to disparate treatment (vs. 2 younger and less senior store personnel) in the following areas:
(1) Absences
(2) Latenesses
(3) Changed work schedules to accomodate them.
(4) Number of hours scheduled per week.
(5) Scheduled premium pay days - holidays & Sundays.

Subsequent to the plaintiff's being told I was doing a "good job" (there are no formal written evaluations after the 60 days probationary period), on 7/26/02, abruptly and without any prior warning, the Produce Mgr and Store Mgr attempted to intimidate the plaintiff into signing a notebook entry they concocted. The plaintiff told them their allegations of plaintiff's being "too slow" was untrue because the plaintiff always completed assigned work chores on time and in good order. The plaintiff read word for word the Weingarten Rights card since the plaintiff was a union member of UFCW Local 27.
Fran Johnson, Store Union Steward, was on vacation for 2 weeks and the meeting which
(please see page 2 for continuation)

COMPLAINT UNDER TITLE VII
QUESTION #10

ATTACHMENT #1 (PAGE 2 OF 2)
was unscheduled took place late Friday afternoon in which no union representative was available. The store manager continued the discussion with the Produce Manager in attendance stating that he fired the Meat Manager (Jay) the same day and he was going to fire the plaintiff as well if the plaintiff did not sign the notebook entry. The plaintiff refused to sign and this infuriated the store manager.

On 7/25/03, abruptly and without any prior warning, the plaintiff was demoted to a cashier job that required more speed and reduced the plaintiff's scheduled work hours by half. Since the store manager stated there were no other jobs available and as a result of store management indifference to the plaintiff's physical condition (tendonitis/carpal tunnel syndrome), the employer created an intolerable work condition resulting in the plaintiff's constructive discharge (involuntary resignation).

11. Defendant's conduct is discriminatory with respect to the following:
   A. ○ Plaintiff's race
   B. ○ Plaintiff's color
   C. ○ Plaintiff's sex
   D. ○ Plaintiff's religion
   E. ○ Plaintiff's national origin

12. A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13. If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14. Plaintiff's has no adequate remedy at law to redress the wrongs described above.

*THEREFORE*, Plaintiff prays as follows: (Check appropriate letter(s))

   A. ✓ That all fees, cost or security attendant to this litigation be hereby waived.
   B. ✓ That the Court appoint legal counsel.
   C. ✓ That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: 6/30/05

_James C. Hill_
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)

EEOC Form 161 (10/96)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: James C. Hill
3 Mackenzie Drive
Newark, DE 19711

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106-2515

[ ]    *On behalf of person(s) aggrieved whose identity is*
CONFIDENTIAL *(29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2004-00192 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
Marie M. Tomasso, District Director

April 4, 2005
*(Date Mailed)*

Enclosure(s)

cc:   Superfresh Food Markets, Inc.
      Sheryl R. Martin, Esquire (For Respondent)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

| ENTER CHARGE NUMBER |
|---|
| ☐ FEPA 031298 |
| ☐ EEOC 17CA400192 |

Delaware Department of Labor and EEOC
(State, or local Agency, if any)

| NAME (Indicate Mr., Mrs., Ms) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| James Craig Hill | (302) 737-0995 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 3 Mackenzie Drive | Newark DE 19711-1505 | NCC |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

| NAME | NO. OF EMPLOYEES OR MEMBERS | TELEPHONE NUMBER (Incl. Area Code) |
|---|---|---|
| Superfresh Food Markets, Inc. | 37 | (302) 368-4222 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 401 New London Road | Newark, DE 19711 |

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☒ AGE
☐ RETALIATION  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 7/25/2003
LATEST 8/12/03
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

I am a white male (over 40) who began working with Respondent on 5/13/01 as a Stock Clerk most recently as a Produce Associate. During my employment I was supervised by Josh Finnical (23-27 y/o) who gave me good evaluations on 8/01 and subsequent good verbal statements regarding my job performance. In 2002, Phil Johnston, Store Manager transferred me from Produce morning to Produce afternoon/evening and thereby replacing me with a younger co-worker (Vernell Johnson, late 20's to early 30's). As a result of this transfer, Mr. Johnson received more hours and more over-time than myself. After complaining to Mr. Finnical about my hours, he stated there would be a pay adjustment but it was never resolved. In or about 4/02, Joe Flocco (17 y/o) was assigned to the Produce department and ultimately received more hours and over-time. On 7/26/02, Finnical & Mr. Johnston called me into a meeting after housrs without representation and stated I was "too slow". They demanded that I sign documentation regarding this and I refused to sign. In addition they threatened to fire me if I did not sign the document and stated that they had fired the meat manager the same day. My Union Rep. (Mr. Fajkowski) met with Mr.Johnston on 7/31/02. On 7/25/03, abruptly and without warning I was instructed to move immediately to the Cash Register by Phil Johnston even after I informed him of my tendonitis condition. From 7/25/03 until 8/12/03, I attempted contact with my representative and as a result, Mr. Johnston informed me that there were no other jobs available for me. Ultimately, on 8/12/03, I was constructively discharged from my position.
Respondent subjected me to disparate treatment, forced resignation, intimidating tactics and violation of the Weingarten Rights.
I believe that I have been discriminated against in violation of Age Discrimination in Employment Act of 1967, as amended and the Delaware Discrimination in Employment Act based on my age (over 40) because: 1. Respondent gave more hours to younger workers and disregarded my seniority, 2. Respondent subjected me to discriminatory and intimidating tactics that eluded to my age, 3. After receiving good performance statements from the Produce Manger, Respondent attemped to degrade my work performance as a pre-text to age discrimination.

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SIGNATURE OF COMPLAINANT

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

12/23/03    *James Craig Hill*
Date    Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

Subscribed and sworn to before me this date    (Day, month, and year)

EEOC FORM 5 REV 6/92    PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

Name: JAMES HILL                    Date: 4/23/04

## ADA INTAKE QUESTIONNAIRE

Please answer each question on this questionnaire completely and accurately. Incomplete answers may delay the processing of your charge. If additional space is needed to answer any question(s), please attach additional pages. When all questions are answered, please sign and date the form and return it to this office.

1. Describe your disability. Provide the medical name for your disability, if known, as well as a general description of your disability in non-medical terms. Describe in general what major life activities (such as walking, lifting, breathing or hearing, etc.) are affected by your disability and describe the extent to which that activity is affected.

The medical name for the disability is Carpal Tunnel Syndrome (bilateral compression of median nerves at the wrists, left more than right). In non-medical terms the physical condition could be described as tendonitis in both hands. The major life activities affected are lifting, reaching, and performing manual repetitive task especially those that require downward movement of the wrists and fingers. Slowness due to numbness occurs to the major life activities as a result of recurring tendonitis.

2. Is your disability permanent or of a temporary nature? When was your disability first diagnosed? If your impairment was caused by an accident or injury, when did that accident or injury occur? Has your physician indicated that the limitations caused by your disability are of a permanent nature? Is your disability worsening or improving?

The disability is of a temporary nature. Right thumb tendonitis was first diagnosed on 5/19/98 (as a work injury due to computer keyboard usage.) Also, on 8/1/02 I was

ADA INTAKE QUESTIONNAIRE - Pg. 2

*diagnosed with Recurring Tendonitis. In Addition, on 10/2/03, I was diagnosed with Carpal Tunnel Syndrome (CTS) in both hands.*

3. If your disability was caused by or made worse by a job-related injury or accident, did you apply for workers compensation? If yes, were you awarded workers compensation? For what period of time were you on workers compensation? If you are still on workers compensation (or were on workers compensation at the time of the alleged discrimination), explain how you would be able to perform the essential functions of your regular job with or without an accommodation while still on workers compensation.

*I did not apply for Workers Compensation.*

4. Explain how your particular disability affects your ability to perform the job in question. Also, describe any limitations or restrictions related to this job which have been placed on you by a physician for reasons related to your disability. If your physician recommended that you be placed on 'light duty,' what type of light duty

ADA INTAKE QUESTIONNAIRE - Pg. 3

assignments were recommended and for what period of time?

Also, does Respondent have a light duty program? If so, is this duty limited in any way (e.g., only to persons who had on-the-job injuries, for a limited period of time, for certain categories of employees only, etc.)?

The CTS slows down my work somewhat. However, I completed all my daily tasks that were assigned to me in writing by the Produce Manager. During my work-related time I was not placed on "Light duty" since my physician, Dr. Arminio, diagnosed the condition as Tendonitis and provided a medical injection into the right hand. Dr. Arminio passed away and I was without a union approved physician for many months. Later, the medical condition was diagnosed as CTS. At the 7/25/03 meeting I informed Phil Johnston that I had Tendonitis/CTS problems. However, he stated there was only one job opening - Cashier, and had no "Light duty" programs.

6. Provide the names, addresses and phone numbers (if known) of all doctors and/or therapists who have treated you for this disability. For each such person listed, indicate the period of time you were treated by this person.

5/98 - Dr. O. John Donati,    X-Ray (hand)
       607 MacDade Blvd.
       Milmont Park, PA 19033

6/98   Dr Tzadunni;    hand injection
       Crozer-Chester Hospital

8/02   Dr. Joseph Arminio    hand injection
       1701 Augustine Cutoff
       Wilmington, DE 19803

ADA INTAKE QUESTIONNAIRE - Pg. 4

10/03 - Dr. Delia Olympia          CTS diagnosis
       VA Medical Center
       1601 Kirkwood Highway
       Wilmington, DE

6. Describe how, when and which Respondent management officials became aware of your disability and any job-related limitations or restrictions caused by that disability.

On 5/12/01 prior to employment I showed the Store Manager (Terry Wibbens) a copy of Boeing's Tendonitis Report. However, at that time I mentioned that there were no recurring problems from the 1998 job-related injury. The Produce Manager (Josh Finnical) was notified verbally of my medical condition in 6/01. On 7/25/03, Phil Johnston (Store Mgr.) was notified verbally that I had a tendonitis problem and asked him if he wanted to see medical documentation. He said no and told me to start immediately in the Cashier position even though I told him I could not perform Cashier work.

7. Have any Respondent managers or supervisors made negative comments concerning your disability? If so, provide the name and title of each person making the comments and describe those comments in terms of what was said, when it was said, and whether there were any witnesses to those statements.

On 7/26/02, in a meeting with Phil Johnston and Josh Finnical, I was told that I was "too slow" even though I always completed my daily tasks on time. The following week my union Rep (Henry Fjakowski) visited the Store Mgr. I was not invited to that meeting.

On 7/25/03, I was told by Phil Johnston with Josh Finnical present that I was "not cut out for this job" (Produce Associate). He also stated at this time that I was "too slow" (the same statement he made on 7/26/02.).

8. Do you (or did you) need a reasonable accommodation in order to perform the job in question? If yes, describe for what part or parts of the job you required an accommodation. Indicate how frequently this part of the job is done and the importance of this part of the job to the total job.

I did need a reasonable accomodation from store Mgt if I were to remain an employee in the new Cashier position. That reasonable accomodation would be to allow me two (2) months advance notice before transition to the new job. I was not given sufficient time to seek medical consultation, appointments, treatment, and rehabilitatio. The management decision to move me immediately without any prior warning and abruptly left me no time to address my medical condition. Since the Store Mgr did not want to see my medical documentation, there was no employer interest in my medical condition.

9. Are you (or were you) able to perform all parts of the job in question other than the part(s) described above for which you require an accommodation? Describe the major functions of the job which you are able to perform without an accommodation.

I could have performed all parts of the Cashier Job if the employer had shown some flexibility and concern for my physical limitation.

10. Have you ever sought a reasonable accommodation because of your disability? If yes, describe the circumstances surrounding your request to include: date of request, name and job title of the person(s) to whom the request was made, the type of accommodation requested, and response(s), if any, to the request.

The oNLy AccomodATioN I RequesTed WAS enough Time To Address my MedicAL coNdiTioN.

11. Are there any witnesses, written records or other means available to verify that you made this request for reasonable accommodation and/or that your request was denied, was not acted upon, or was not met in a manner satisfactory to you? If yes, please describe the means by which this can be verified.

NOT APPLICABLE.

12. If you are claiming that you are not disabled, but Respondent incorrectly "perceived" you to have a disability, describe what disability you are perceived as having. In addition, indicate which Respondent representative(s), by name and job title, perceive you to have this disability and what makes you believe that those persons have this perception.

NOT APPLICABLE.

ADA INTAKE QUESTIONNAIRE - Pg. 8

13. If the Respondent has taken an action against you because you are viewed as being a 'direct threat' (i.e., that because of your disability you pose a threat to your own safety or the safety of co-workers), provide the name and title of the Respondent representative who informed you of this, when this occurred, whether this was done orally or in writing, and what reason(s) was(were) given for considering you a direct threat, and describe to what extent this was based on medical information. Also, describe whether Respondent attempted to provide a reasonable accommodation to you to reduce the threat or to transfer you to another position.

NOT APPLICABLE.

I declare under penalty of perjury that I have read the above statements and that they are true and correct.

James Hill             4/23/04
Signature              Date

## MAJOR LIFE ACTIVITIES
(including, but not limited to)

|   |                                          |   |                                                                                  |
|---|------------------------------------------|---|----------------------------------------------------------------------------------|
|   | Breathing                                |   | Reproduction                                                                     |
|   | Caring for oneself                       |   | Seeing                                                                           |
|   | Concentrating                            |   | Sitting                                                                          |
|   | Eating                                   |   | Sleeping                                                                         |
|   | Hearing                                  |   | Speaking                                                                         |
|   | Interacting with others                  |   | Standing                                                                         |
|   | Learning                                 |   | Stooping                                                                         |
| ✓ | Lifting                                  |   | Thinking                                                                         |
| ✓ | Performing manual tasks                  |   | Walking                                                                          |
| ✓ | Reaching                                 |   | Working (broad category of jobs)                                                 |
|   | Reading (limitations cause by disability)|   | Other (Identify the activity and explain why it constitutes a major life activity)|

Check off those that are affected by your disability.