IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES C. HILL,                      )   | |
|                                     )   | |
| Plaintiff,    )   | |
|                                     )   C.A. No. 05-cv-00452-JJF |
| v.                                  )   | |
|                                     )   | |
| SUPER FRESH FOOD MARKETS, INC.,     )   | |
|                                     )   | |
| Defendant.    )   | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 12 MOTION TO DISMISS

Defendant, Super Fresh Food Markets, Inc. ("Super Fresh"), hereby submits this Memorandum of Law in Support of its Rule 12 Motion to Dismiss the Complaint of Plaintiff James Hill ("Plaintiff").

### PRELIMINARY STATEMENT

In his *pro se* complaint ("Complaint"), Plaintiff contends that Super Fresh discriminated against him and seeks recovery under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*. The Complaint should be dismissed as a matter of law because Plaintiff failed to comply with an administrative prerequisite for advancing Title VII claims – namely, he did not advance a Title VII claim in his Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC").

## STATEMENT OF PROCEDURAL HISTORY AND RELEVANT FACTS

Plaintiff is a former Super Fresh employee who worked as a Stock Clerk and Produce Associate at Super Fresh Store # 588 until his employment terminated in August 2003. (D.I. 2 at ¶ 10, Attachment 1, and Charge).[1]

On December 23, 2003, Plaintiff filed a Charge with the Delaware Department of Labor and the EEOC, contending that Super Fresh had discriminated against him on the basis of his age in violation of Age Discrimination in Employment Act of 1967 ("ADEA") and the Delaware Discrimination in Employment Act. (D.I. 2 at ¶¶ 7 and 8 and Charge). The charge of discrimination form completed by Plaintiff includes a section which: (a) lists nine types of discrimination (race; color; sex; religion; national origin; age; retaliation; disability; and other) and (b) instructs the complaining party to check off the type(s) of discrimination for which he seeks redress. Plaintiff checked off "age" on this form – he did not check off any of the protected classes under Title VII (race, color, sex, religion and national origin). (D.I. 2).

In the "particulars" section of the Charge, plaintiff set forth that:

> I believe that I have been discriminated against in violation of the Age Discrimination in Employment Act of 1967, as amended, and the Delaware Discrimination in Employment Act based on my age (over 40) . . .

---

[1] Super Fresh's Motion to Dismiss relies on the allegations of Plaintiff's Complaint, including the documents attached thereto. Reliance on the documents attached to the Complaint will not transform this motion into a motion for summary judgment. "A court may consider document[s] integral to or explicitly relied upon in the complaint without converting a motion to dismiss to a motion for summary judgment." Adkins v. Rumsfeld, 389 F. Supp. 2d 579 (D. Del. Sept. 16, 2005) (quoting In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999)) (internal quotations omitted). Because Plaintiff attached various documents to his Complaint, the Court may rely upon these documents for purposes of the instant motion without transforming it into one for summary judgment.

- 2 -

(D.I. 2). On April 4, 2005, the EEOC issued its Dismissal and Notice of Rights as to Plaintiff's Charge. (D.I. 2 at ¶ 12).

On June 30, 2005, Plaintiff filed a *pro se* Complaint seeking recovery under Title VII for discrimination. Plaintiff's Complaint was completed on a form that is available from the Court's *pro se* office.

On the first page of the form complaint immediately under the caption, the form reads: "COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964" (capitalization in original).

Paragraph 1 of the Complaint sets forth: "This action is brought pursuant to *Title VII of the Civil Rights Act of 1964*, as amended, for employment discrimination." (italics in original). (D.I. 2 at ¶1)

Paragraph 13 of the Complaint sets forth: "If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 Civil Rights Act, as amended." (D.I. 2 at ¶13).

Plaintiff signed and dated the document below the final line of the Complaint, which provides: "I declare under penalty of perjury that the foregoing is true and correct."

## ARGUMENT

### PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES UNDER TITLE VII

In considering Super Fresh's motion to dismiss, the Court is guided by the principle that the allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Piecknick v. Pa., 36 F.3d 1250, 1255 (3d Cir. 1994); Hall v. Pa. State Police, 570 F.2d 86, 89 n.1 (3d Cir. 1978). In addition, plaintiffs are entitled

- 3 -

to any favorable inferences arising out of facts pleaded. Ammlung v. City of Chester, 355 F. Supp. 1300, 1303 (E.D. Pa. 1973), aff'd, 494 F.2d 811 (3d Cir. 1974). Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). The burden of demonstrating that the plaintiff has failed to state a claim upon which relief may be granted rests on the movant. Young v. W. Coast Indus. Relations Assoc., Inc., 763 F.Supp. 64, 67 (D. Del. 1991) (citations omitted). As explained below, Plaintiff's Complaint should be dismissed as there are no sets of facts that could legally justify his failure to exhaust administrative remedies, which is a prerequisite for the relief sought in the Complaint.

Filing a charge of discrimination with the EEOC is a fundamental prerequisite to bringing a civil action under Title VII. Judicial relief, therefore, can only be sought for those claims which were asserted in an EEOC charge or which were within the scope of the EEOC investigation arising therefrom. See Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996) (citing Waiters v. Parsons, 729 F.2d 233 (3d Cir. 1984)) (Title VII gender discrimination claim dismissed as it was not within scope of EEOC investigation of a disability discrimination claim); Cuffee v. Dover Wipes Co., 334 F. Supp. 2d 565, 573-4 (D. Del. Sept. 7, 2004) (Title VII gender discrimination claim dismissed where EEOC charge only alleged race and age discrimination).

The Third Circuit's opinion in Antol is instructive. 82 F.3d 1291. There, plaintiff's EEOC charge alleged disability discrimination and plaintiff's federal court complaint alleged disability and gender discrimination. The defendant employer moved to dismiss plaintiff's gender discrimination claim as plaintiff failed to exhaust his

administrative remedies for such a claim. The lower court granted defendant's motion to dismiss. Plaintiff appealed asserting that the EEOC had sufficient notice of his gender discrimination claim because he was a man and two women received promotions to the positions he was seeking. The Third Circuit affirmed the complaint's dismissal. In so doing, the Third Circuit admonished that:

> The specifics of his disability discrimination charge do not fairly encompass a claim for gender discrimination merely because an investigation would reveal that [plaintiff] is a man and the two employees who received the position are women. ... Neither the EEOC nor the agency were put on notice of a gender discrimination claim.

Id. The Third Circuit's dismissal in Antol of claims not advanced before the EEOC mandates the dismissal of Plaintiff's Complaint here. Indeed, Plaintiff here expressly limited the basis for his EEOC Charge to age discrimination. Not only did Plaintiff check off "age" as the only basis for his claim when nine possible forms of discrimination were available to choose from, but Plaintiff also expressly set forth in the "particulars" section of the charge that:

> I believe that I have been discriminated against in violation of the Age Discrimination in Employment Act of 1967, as amended, and the Delaware Discrimination in Employment Act based on my age (over 40) . . .

Under these circumstances, it is well-settled that the EEOC would not have conducted an investigation to determine whether Plaintiff was a victim of discrimination on some basis other than age, See, e.g., Antol, 82 F.3d at 1296; Cuffee, 334 F. Supp. 2d at 573-4, and the Complaint's dismissal is thus warranted.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety for failure to state a claim as Plaintiff failed to exhaust his administrative remedies.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601, 5008
Facsimile: (302) 576-3282, 3476
wbowser@ycst.com; mdibianca@ycst.com

**Of Counsel**
John P. Barry, Esquire
Greta Ravitsky, Esquire
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10017
Telephone: (212) 351-3720
Telecopier: (212) 878-8720
JBarry@ebglaw.com
GRavitsky@ebglaw.com

Attorneys for Defendant Super Fresh Markets, Inc.

DB02:5123456.2                                                             064808.1001