Date: 1/2/06
To: U.S. District Court
From: James C. Hill (defendant)
Reference: Civ. No.: 05-452-JJF (Hill v. Super Fresh)
Subject: Rules of Civil Procedure – Default Judgment

RECEIVED JAN - 5 2006 U.S. DISTRICT COURT DISTRICT OF DELAWARE

(Page 1 of 2)

This letter is to notify the court that the defendant has failed to respond within the timeframe stated in Rule 4(a) and Rule 12.3(1)(a)(b.)

On 12/20/05, the plaintiff called the office of the Clerk of the Court since the defendant did not respond to the additional extensions beyond the original 60 days the plaintiff previously granted. (Please see 12/5/05 letter). The plaintiff requested a copy of the defendant's motion to dismiss thru the Clerk's office since the plaintiff did not receive a copy from the defendant's attorney as she claimed was mailed.

A cursory examination of the defense attorney's motion to dismiss is confusing. The claims (age & disability) were filed within the statute of limitations. If she is alluding to the 7/26/02 alleged discriminatory act, then this was thoroughly explained in question 7 (Forced Resig. questionnaire) which was reviewed by the Phila EEOC investigators.

Date: 1/2/06 (Page 2 of...)
Re: Civ. No.: 05-452-JJF (Hill v. [Supfresh])

RECEIVED JAN -5 2006 U.S. DISTRICT COURT DISTRICT OF DELAWARE

The defendant's attorneys cling to the hackn[eyed] tactic that the charge must be dismissed. (Please see Attachment #1 - page 2. Attachment is replete with complete inaccuracies which the defendant can prove). This dismissal tactic was ignored by the Phila EEOC investigators and the defendant hopes that the Court will follow the EEOC example.

Finally, the plaintiff requests that the Court impose the default judgment rule for the following reasons:
(1) The defendant has not filed a defense [to] the claims (but merely a motion to dismiss[).]
(2) The relevant time for filing a respon[se] to the claims has long since expired.

Regards,

James C. Hill

Attachment: (1) 10/28/04 Sheryl Martin Response