ATTACHMENT #1

**A&P U.S.**

90 Delaware Ave
Paterson, NJ 07503



RECEIVED
JAN - 5 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

October 28, 2004

**VIA FACSIMILE (215) 440-2604
AND REGULAR U.S. MAIL**

Karin D. Porter
Federal Investigator
U.S. Equal Employment Opportunity Commission
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515

  Re: Hill v. Super Fresh
    Charge Number 17C-2004-00192

Dear Ms. Porter:

  This will acknowledge and respond to the above referenced charge of discrimination.

  Enclosed please find Respondent's response to the Commission's Request For Information and Request For Position Statement.

  If you would like to discuss any aspect of this case, please contact me at (973) 321-3880.

Sincerely,

*Sheryl R. Martin*

SHERYL R. MARTIN
Senior Counsel, Vice President of Employment Law

REQUEST FOR INFORMATION AND REQUEST FOR POSITION STATEMENT

Hill v. Super Fresh
Charge Number 17C-2004-00192

## PART I – GENERAL INFORMATION

1. Super Fresh Food Market (commonly referred to as store # 588), 401 New Castle Avenue, New Castle, DE 19720.

2. Retail grocery store.

3. There are approximately 69 employees at Super Fresh store #588.

## PART II – POSITION STATEMENT

Complainant complains of events that occurred in or on 2002, April 2002, 7/26/02 and 7/31/02. These events occurred more than 300 days prior to December 23, 2003, the date Complainant filed his charge. Thus, with respect to these alleged events, the charge is clearly untimely.

On July 25, 2003, Complainant was assigned to work on the front end as a cashier. This assignment did not affect his hours, wage rate or benefits in any way. Complainant thereafter failed to report to work.

Thus Complainant cannot even state a claim of discrimination because he was not subject to an adverse employment action, which is one of the elements of a prima facie case. An adverse employment action is one that significantly alters the terms and conditions of the employee's job (such as hiring, granting leave, discharging, promoting and compensating). Subjective, personal disappointments do not meet the objective indicia of an adverse employment action. While Complainant may be unhappy with the assignment, his compensation and benefits were not affected. Thus Respondent's actions do not rise to the level of an adverse employment action, and Complainant does not and cannot state a prima facie case of discrimination.

Based on the foregoing, Respondent submits that Complainant's charge must be dismissed.

## PART III – RESPONSE TO THE CHARGE

1. To the best of Respondent's knowledge, no documents exist relating to Complainant's assignment to the front end on July 25, 2003. See the Termination Form attached as Exhibit A, documenting that Complainant quit without notice.

OCT 28 '04 16:16 FR A&P L᠎ R RELATIONS   201 571 8785 TO 912154402604   P.04/12

2. See policies attached as Exhibit B. There are no written policies or procedures regarding job assignments. Employees are assigned to job duties based on business needs.

3. Phil Johnston, store manager, made the decision to assign Complainant to the front end on July 25, 2003. His statement will be submitted under separate cover as soon as possible.

4. With respect to Complainant's assignment to the front end on July 25, 2003, there are no persons identified who allegedly received more favorable treatment than Complainant.

5. Not applicable.

6. Not applicable.

7. Not applicable.

8. Not applicable.

9. Not applicable.

10. To the best of Respondent's knowledge, Complainant has not raised the allegations contained in this charge with any other internal or external source or agency.

11. This matter has not been resolved. Respondent does not have a proposal for resolution at this time, but is willing to consider and respond to any reasonable proposal that the Complainant or Commission puts forth.

# EXHIBIT A

ROSS

## PRS TERMINATION FORM (see leave on back)

Division# 022  ☒ Store  ☐ Warehouse  ☐ Admin. Dept.
5580

Social Security #: 1 8 6 3 8 4 0 4 4
ID #: 360
First Name: JAMES
Middle: C
Last Name: Hill

**Change Date (Effective Date)**
Month | Day | Year
(PRS Dept. Use)

**Termination Date**
Month | Day | Year
0 8 | 0 6 | 2 0 0 3

Reason Code: 45 (see below)

Rehire Eligible: N
Y = Eligible for Rehire
N = Not Eligible for Rehire

**Last Day Worked**
Month | Day | Year
0 7 | 2 6 | 2 0 0 3

**Assignment Status** (check applicable box)
☐ Term Assignment
☐ Term with Pay with Benefits
☐ Term with Pay without Benefits
☐ Term without Pay with Benefits

**Last Standard Process Date**
Month | Day | Year
(PRS Dept. Use)

### Reason Codes

**Layoff**
01 = Position Elimination
02 = FT Layoff with Recall
04 = PT Layoff with Recall
06 = Store Closing/Reorganization

**Resignation**
40 = Accept New Job
42 = Marriage
43 = Dissatisfied with Pay
44 = Personal Reasons
45 = Quit without Notice
46 = Relocation
47 = Return to School
48 = Dissatisfied with Working Conditions
07 = LOA Expiration

**Retirement**
R = Retirement

**Term for Cause**
20 = Not Qualified
21 = Excessive Absence
22 = Unsatisfactory Performance
23 = Insubordination
24 = Violation of Company Policy
25 = Invalid Associate ID presented

**Other Types of Separation**
61 = Medical – Not Job Related
62 = Medical – Job Related (WC)
70 = Military
D = Deceased

Vacation Hours Due: _____  $ _____
Personal Hours Due: _____

RECEIVED  SEP 0 2 2003  P.R.S.

ENTER EXPLANATION AS NECESSARY: _____
SEP 0 3 2003

I have reviewed this document and have been given the opportunity to note my comments.
Associate Signature _____ Date _____

APPROVAL: Phil Johnston  8-28-03
APPROVAL: P Burns  8-28-03