```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF DELAWARE
```

JAMES C. HILL,                       :
                                     :
      Plaintiff,                   :
                                     :
  v.                                 :   Civil Action No. 05-452-JJF
                                     :
SUPER FRESH FOOD MARKETS,            :
INC.,                                :
                                     :
      Defendant.                   :

---

James C. Hill, Plaintiff, Pro Se.

Margaret M. DiBianca, Esquire of
YOUNG, CONAWAY, STARGATT, & TAYLOR, Wilmington, Delaware.
Of Counsel: John P. Barry, Esquire and Greta Ravitsky, Esquire of
EPSTEIN, BECKER, & GREEN, P.C., New York, New York.
Attorneys for Defendant.

---

### MEMORANDUM OPINION

March 22, 2006
Wilmington, Delaware

Case 1:05-cv-00452-JJF   Document 25   Filed 03/22/06   Page 2 of 7 PageID #: 122

Farnan, District Judge.

Pending before the Court is Defendant's Motion To Dismiss (D.I. 16). For the reasons discussed, the Motion will be granted in part and denied in part.

I.  BACKGROUND

The following facts are alleged in Plaintiff's Complaint. Plaintiff was employed by Defendant beginning in May 2001. Plaintiff began as a stock clerk and later became a produce associate. In 2002, Plaintiff was moved from morning produce associate to afternoon produce associate and was replaced by Vernell Johnson, a man in his late twenties or early thirties. Mr. Johnson was allegedly given more hours than Plaintiff, despite Plaintiff's seniority. That same year, Plaintiff was ordered to sign a document stating that Plaintiff was "too slow," even though he had always been told that he was doing a "good job." Management informed him that if he did not sign the document, he would be fired, but Plaintiff refused.

In July 2003, Plaintiff alleges that he was demoted, without warning, to a position as a cashier. Plaintiff informed management that this position was unacceptable because it affected his tendinitis and carpal tunnel syndrome. On August 12, 2003, Plaintiff alleges that he was "constructively discharged" from his position.

Plaintiff filed a Charge Of Discrimination with the Delaware

Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC") on December 23, 2003. (D.I. 2 at 7). The EEOC issued a Dismissal And Notice Of Rights, because it was unable to conclude that the information in Plaintiff's Charge established a violation of any statute. (Id. at 6). Plaintiff subsequently filed his Complaint, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the Delaware Discrimination Employment Act ("DDEA"). Defendants responded by filing a Motion To Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. PARTIES' CONTENTIONS

By its Motion, Defendant contends that Plaintiff failed to exhaust his administrative remedies. The Court construes Defendant's Motion as arguing that Plaintiff now files his Complaint alleging disability discrimination, which was not discussed in the Charge filed with the EEOC and DDOL. Defendant's Motion does not address the sufficiency of Plaintiff's claim that he was a victim of age discrimination under Rule 12(b).

## III. DISCUSSION

   A. <u>Whether The Court Should Dismiss Plaintiff's Claim Of Disability Discrimination For Failure To Exhaust Administrative Remedies</u>

While Plaintiff indicated only age discrimination on his Charge Of Discrimination filed with the EEOC and the DDOL, the

2

Court and Defendant construe Plaintiff's Complaint as also alleging discrimination based on a disability. The Court so construes the Complaint based upon Plaintiff's discussion of his disabilities and Defendant's failure to reasonably accommodate his disabilities. As such, the Court must determine whether Plaintiff exhausted his administrative remedies as to the claim of disability discrimination.

Before a plaintiff may file a civil complaint for a violation of Title VII, the plaintiff must exhaust her or his administrative remedies. Antol v. Perry, 82 F.3d 1291, (3d Cir. 1996). If a claimant does not exhaust administrative remedies, the claim is barred unless "the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Waiters v. Parsons, 729 F.2d 233 (3d Cir. 1984).

The Court concludes that Plaintiff's claim of discrimination based on a disability does not fall within the scope of the EEOC complaint or investigation for several reasons. First, the Charge Of Discrimination does not mention Plaintiff's disabilities or any discrimination based on those disabilities. Second, in the section where a claimant can check a box identifying the type of discrimination, Plaintiff only checked age discrimination. Finally, while an Americans with Disabilities Act Intake Questionnaire is attached to Plaintiff's

3

Complaint, the Questionnaire contains a later date than the Charge of Discrimination, and it is unclear whether this document was ever filed with the EEOC.[1] Accordingly, the Court will grant Defendant's Motion To Dismiss as it relates to Plaintiff's claim that Defendant discriminated against him based on a disability.

    B.    <u>Whether The Court Should Dismiss Plaintiff's Claim For Age Discrimination For Failure To State A Claim Upon Which Relief May Be Granted</u>[2]

    1.    *Legal Standard*

The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27 (1989); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255 (3d Cir. 1994). However, the Court is "not required to accept legal

---

[1] The Court ordered Plaintiff to respond to the Motion To Dismiss (D.I. 24) to clarify issues such as this. Plaintiff failed to respond, so the Court is deciding Defendant's Motion on the documents before it.

[2] Defendant does not argue that fails to Plaintiff state a claim under the ADEA, only that Plaintiff failed to exhaust his administrative remedies for any other claims. However, because the Motion To Dismiss was brought pursuant to both Rule 12(b)(1) and 12(b)(6), and because Defendant requests dismissal of the entire Complaint, the Court will address whether Plaintiff has stated a claim under the ADEA.

4

conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The burden of demonstrating that the plaintiff has failed to state a claim upon which relief may be granted rests on the movant. Young v. West Coast Industrial Relations Assoc., Inc., 763 F.Supp. 64, 67 (D. Del. 1991) (citations omitted).

   2.  *Analysis*

The ADEA provides:

   It shall be unlawful for an employer... to fail or
   refuse to hire or to discharge any individual or
   otherwise discriminate against any individual with
   respect to his compensation, terms, conditions or
   privileges of employment, because of such individual's
   age.

29 U.S.C. § 623(a). A prima facie case of age discrimination under the ADEA requires the plaintiff to allege four elements: (1) he is at least 40 years old, (2) he is qualified for the position in question, (3) he suffered from an adverse employment decision, and (4) his replacement was sufficiently younger to permit a reasonable inference of age discrimination. Windfelder v. May Dep't Stores Co., 93 Fed. Appx. 351, 354 (2004) (citing Sempier v. Johnson & Higgins, 45 F.3d 724, 728 (1995)).

   Accepting all allegations in the Complaint as true and drawing all reasonable inferences in the light most favorable to

Plaintiff, the Court concludes that Plaintiff has stated a claim for age discrimination under the ADEA sufficient to survive a motion to dismiss. Plaintiff alleges that he is over 40 years old and that he was moved to another shift, demoted to the position of cashier, and ultimately, "constructively discharged" by Defendant. Plaintiff further alleges that his replacement, Mr. Johnson, is in his late twenties or early thirties. Construing the Complaint liberally, as the Court must when a plaintiff is pro se, the Court concludes that Plaintiff has also alleged that he was qualified for his position. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004). In his Complaint, Plaintiff states that he was always told that he was doing a "good job," which the Court understands to be an allegation that he was qualified for the position. Accordingly, the Court will deny Defendant's Motion To Dismiss as it pertains to Plaintiff's claim of age discrimination.

## IV. CONCLUSION

For the reasons discussed, Defendant's Motion To Dismiss (D.I. 16) will be granted in part and denied in part.

An appropriate Order will be entered.