UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES C. HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-cv-00452-JJF |
| | ) |
| SUPER FRESH FOOD MARKETS, INC., | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF FILING OF DISCOVERY
PURSUANT TO LOCAL RULE 5.4(f)**

Defendant, by and through its undersigned attorneys, hereby submits this notice of filing of discovery in the above action. Defendant's Rule 26 Initial Disclosure Statement is attached.

In accordance with Local Rule 5.4(f), Defendant has filed the discovery because the plaintiff in this action, James C. Hill, is appearing pro se. The undersigned attorney certifies that on this date copies of the above documents were caused to be served on plaintiff by U.S. Mail, Return Receipt Requested, at the following address: James C. Hill, 3 Mackenzie Drive, Newark, DE, 19711-1505.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
/s/ Margaret M. DiBianca
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601, 5008; Facsimile : (302) 576-3282, 3476
wbowser@ycst.com; mdibianca@ycst.com

OF COUNSEL
John P. Barry, Esquire
Marc Elliot Alifanz, Esquire
Proskauer Rose LLP
One Newark Center, 18th Floor
Newark, NJ 07102-5211
Telephone: (973) 274-6031; Facsimile: (973) 274-3299
jbarry@proskauer.com; malifanz@proskauer.com
Admitted Pro Hac Vice
Attorneys for Defendant

DATED: June 29, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES C. HILL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 05-cv-00452-JJF |
| | ) |
| SUPER FRESH FOOD MARKETS, INC., | ) |
| | ) |
| Defendant. | ) |

**<u>DEFENDANT'S RULE 26 INITIAL DISCLOSURE STATEMENT</u>**

In accordance with Rule 26(a) of the Federal Rules of Civil Procedure, Defendant Super Fresh Food Markets, Inc., ("Super Fresh"), by its attorneys, makes these initial disclosures.

**<u>RESERVATIONS</u>**

1. Defendant's identification of categories of documents does not constitute a representation or implied representation that any particular document exists within Defendant's possession, custody, or control.

2. Defendant's initial disclosures are made without waiver of, or prejudice to, any objections Defendant may have. Defendant expressly reserves all objections, including but not limited to: (a) relevance; (b) attorney-client privilege; (c) work-product protection; (d) any other applicable privilege or protection under federal or state law; (e) undue burden; (f) materiality; (g) overbreadth; (h) the admissibility in evidence of these initial disclosures or the subject matter thereof; and (i) producing documents containing information disclosed or transmitted to any state or federal agency, to the extent such information is confidential and not required to be disclosed under applicable law. All objections are expressly preserved, as is Defendant's right to move for

a protective order. Defendant reserves the right to retract any inadvertent disclosures of information or documents that are protected by the attorney-client privilege, the work product doctrine or any other applicable protection.

3. Defendant has not completed its investigation of this case and reserves the right to clarify, amend, modify, or supplement the information contained in these initial disclosures if and when it obtains supplemental information, to the extent required by the Federal Rules of Civil Procedure.

4. Defendant's initial disclosures are made subject to and without limiting any of the foregoing.

1. **Initial Disclosures**

(A) The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

| | | |
|---|---|---|
| 1. | James C. Hill: | Mr. Hill is likely to have information concerning the allegations in the Complaint and Defendant's defenses thereto. |
| 2. | Phil Johnston: | Mr. Johnston is likely to have knowledge pertaining to the Plaintiff's position(s), job duties, and the circumstances surrounding the separation of Plaintiff's employment. |
| 3. | Joshua Finnical: | Mr. Finnical is likely to have knowledge pertaining to Plaintiff's position(s), job duties, and the circumstances surrounding the separation of Plaintiff's employment. |
| 4. | H.E. Travers, III: | Mr. Travers is likely to have knowledge pertaining to Plaintiff's position(s), job duties, Plaintiff's allegations of age discrimination, and the circumstances surrounding the separation of Plaintiff's employment. |

**Each of the above individuals, except Plaintiff, may be contacted through the undersigned counsel of record.**

**Defendant will provide additional responsive information, if available, upon further investigation and discovery.**

(B) A copy of, or a description by category and location of all documents, data compilations, and tangible things in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment will be made available at the offices of Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street 17th Floor, Wilmington, Delaware, or produced within the next 30 days:

    1. Plaintiff's Personnel File;

    2. Superfresh's Anti-Harassment Policy and Procedure; and

    3. The Collective Bargaining Agreement.

(C) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

**Not applicable.**

(D) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:

**None.**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601, 5008
Facsimile: (302) 576-3282, 3476
wbowser@ycst.com; mdibianca@ycst.com

OF COUNSEL
John P. Barry, Esquire
Marc Elliot Alifanz, Esquire
Proskauer Rose LLP
One Newark Center, 18th Floor
Newark, NJ 07102-5211
Telephone: (973) 274-6031
Facsimile: (973) 274-3299
jbarry@proskauer.com; malifanz@proskauer.com
Admitted Pro Hac Vice
Attorneys for Defendant

Dated: June 29, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES C. HILL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-cv-00452-JJF |
| ) | |
| SUPER FRESH FOOD MARKETS, INC., ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I, Margaret M. DiBianca, hereby certify that on June 29, 2006, I electronically filed a true and correct copy of the *Notice of Filing of Discovery Pursuant to Local Rule 5.4(f)* and *Defendant's Rule 26 Initial Disclosure Statement* with the Clerk of the Court using CM/ECF. I further certify that on June 29, 2006, I caused to be served two (2) true and correct copies of the foregoing *Notice of Filing of Discovery Pursuant to Local Rule 5.4(f)* and *Defendant's Rule 26 Initial Disclosure Statement* on the following non-registered participant via postage prepaid, First Class Certified U.S. Mail/Return Receipt Requested:

James C. Hill
3 Mackenzie Drive
Newark, DE 19711-1505

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601, 5008
Facsimile: (302) 576-3282, 3476
wbowser@ycst.com; mdibianca@ycst.com

                    OF COUNSEL
                    John P. Barry, Esquire
                    Marc Elliot Alifanz, Esquire
                    Proskauer Rose LLP
                    One Newark Center, 18th Floor
                    Newark, NJ 07102-5211
                    Telephone: (973) 274-6031
                    Facsimile: (973) 274-3299
                    jbarry@proskauer.com; malifanz@proskauer.com
                    Admitted Pro Hac Vice
                    Attorneys for Defendant

DATED:      June 29, 2006