UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES C. HILL, Plaintiff, v. SUPER FRESH FOOD MARKETS, INC. Defendant. | ) ) ) ) ) ) ) ) ) | C.A. No. 05-cv-00452-JJF |

**NOTICE OF FILING OF DISCOVERY**
**PURSUANT TO LOCAL RULE 5.4(f)**

Defendant, by and through its undersigned attorney, hereby submits this notice of filing of discovery in the above action. The following discovery materials are attached:

1) Defendant's First Set of Interrogatories Directed to Plaintiff; and

2) Defendant's First Request for Production of Documents Directed to Plaintiff.

In accordance with Local Rule 5.4(f), Defendant has filed the discovery because the plaintiff in this action, James C. Hill, is appearing pro se. The undersigned attorney certifies that on this date copies of the above documents were served on plaintiff by U.S. Mail/Return Receipt Requested at the following address: James C. Hill, 3 MacKenzie Drive, Newark, DE 19711-1505.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601, 5008
Facsimile : (302) 576-3282, 3476
wbowser@ycst.com; mdibianca@ycst.com

[continued next page]

**OF COUNSEL**
John P. Barry, Esquire
Marc Elliot Alifanz, Esquire
Proskauer Rose LLP
One Newark Center, 18th Floor
Newark, NJ 07102-5211
Telephone: (973) 274-6031
Facsimile: (973) 274-3299
jbarry@proskauer.com; malifanz@proskauer.com
Admitted Pro Hac Vice
Attorneys for Defendant

DATED: July 5, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES C. HILL, )
)
Plaintiff, )
) C.A. No. 05-452-JJF
v. )
)
)
SUPER FRESH FOOD MARKETS, INC., )
)
Defendant. )

**DEFENDANT'S FIRST SET OF**
**<u>INTERROGATORIES DIRECTED TO PLAINTIFF</u>**

**PLEASE TAKE NOTICE** that, pursuant to Rule 33 of the Federal Rules of Civil Procedure ("F.R.C.P."), Defendant Super Fresh Food Markets, Inc. ("Defendant"), hereby requests that Plaintiff James C. Hill ("Plaintiff") answer the following interrogatories in accordance with the instructions set forth below. The interrogatory answers should be served on Defendant's attorneys at Young, Conaway, Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, P. O. Box 391, Wilmington, Delaware 19899-0391 within 30 days of receipt.

**<u>INSTRUCTIONS</u>**

A. In answering these interrogatories, furnish all information available to you, including information in the possession of your attorneys (if any), or their investigators, and all persons acting on your behalf. Responses should not be limited to your personal knowledge. If you cannot answer any interrogatory in full after exercising due diligence to secure the information sought, so state and answer to the extent possible,

specifying the reason(s) for your inability to respond to the remainder, and providing whatever information or knowledge that you have concerning the portions not answered.

B. Pursuant to F.R.C.P. 26(e), the interrogatories which follow are to be considered as continuing, and you are requested to provide, by way of supplementary answers thereto, such additional information as you or any person acting on your behalf may hereafter obtain which may augment or otherwise modify the answers now given to the interrogatories below.

C. Each interrogatory and each subpart of each interrogatory shall be accorded a separate answer. Each answer shall first set forth verbatim the interrogatory to which it is responsive. Interrogatory or subparts thereof shall not be combined for the purpose of supplying a common answer thereto. The answer to an interrogatory or a subpart thereof shall not be supplied by referring to the answer to another interrogatory or subpart thereof, unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart thereof being answered.

D. Where an objection is made to any interrogatory, or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

E. Where a claim of privilege is asserted in objecting to any interrogatory, or subpart thereof, and an answer is not provided on the basis of such assertion, the attorney asserting the privilege shall in the objection to the interrogatory, or subpart thereof, identify the nature of the privilege (including work product) that is being claimed and if the privilege is being asserted in connection with a claim or defense

governed by state law, indicate the state's privilege rule being invoked; and the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information for documents: (1) the type of document; (2) general subject matter of the document; (3) the date of the document; (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other; for oral communications: (a) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (b) the date and place of communication; (c) the general subject matter of the communication.

F. Pursuant to F.R.C.P. 26(e), a party is under a duty seasonably to supplement his response with respect to any question directly addressed to (i) the identity and location of persons having knowledge of discoverable matters, and (ii) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he/she is expected to testify, and the substance of his or her testimony.

G. A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (i) he knows that the response was incorrect when made, or (ii) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

H. Identify each person who assisted or participated in preparing and/or supplying any of the information given in response to or relied upon in preparing answers to these interrogatories.

**DEFINITIONS**

A. The term "Defendant" shall mean and include Defendant The Superfresh Food Markets, Inc., its subsidiaries, affiliates, divisions, present and former officers, agents, employees, attorneys and representatives, and all other persons acting for or on behalf of Defendant.

B. "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, the original and any copy of any book, pamphlet, periodical, letter, e-mail, memorandum, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, other communication (including interoffice or intraoffice communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum of agreement, assignment, license, book of account, order invoice, statement, bill (including, but not limited to, telephone bills) check, voucher, notebook, film, photograph, photographic negative, phonorecord, tape recording, wire recording, transcript of recordings, drawing, catalogue, brochure, any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded,

transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which Plaintiff has or has had access.

C. The term "Complaint" shall mean the Complaint and Jury Demand filed on behalf of James C. Hill in the United States District Court for the District of Delaware, bearing Docket No. 05-CV-452 (JJF).

D. Where a "date" is requested, it shall mean to provide the exact day, month and year; if such information cannot be ascertained, it shall mean to the best approximation.

**INTERROGATORIES**

1. State your full name, date of birth and social security number.

2. State your educational background and academic degrees obtained. If you are currently working toward a degree, identify the degree sought and progress made toward completion of the requirements for that degree. As to each item listed in the answer to this interrogatory, set forth the dates and/or years of same, as well as the names and addresses of each institution attended.

3. With respect to your employment history prior to or contemporaneous with your employment at Defendant, state the identity of such employers and the dates during which you were employed by each.

4. State whether you have ever been terminated, asked to resign, suspended or otherwise disciplined at any time with regard to employment and, if so, state with respect to each instance of discipline the identity of the employer for whom you worked at the time of your discipline and the reason given by your employer for the discipline.

5. Identify each position/job title you held with Defendant.

6. With respect to your claim for damages, state the identity of each place you were employed subsequent to your employment with Defendant including, but not limited to, your present employment, the date employment commenced at each place of employment, the duration of that employment, your job title, duties and responsibilities, your immediate supervisor at each place of employment, your rate of pay upon commencement of each period of employment, and the date and amount of increases in that rate of pay while so employed, and any fringe benefits, bonuses, commissions, insurance and expense reimbursements.

7. From 2001 to the present, identify the monetary value of all forms of compensation received by you from any source, including, although not by way of limitation, income earned while operating a business or as a partner in a partnership, unemployment compensation, workers' compensation, severance pay, deferred wages, medical payments or benefits, vacation pay, pension benefits, social security benefits and disability benefits, in addition to compensation from each employer identified in response to Interrogatory No. 6 above including, although not by way of limitation, any fringe benefits, bonuses, commissions, insurance and expense reimbursements and the reason for the termination of each period of employment.

8. With the exception of the Complaint in this matter, state whether you have ever been a party to any judicial or administrative proceeding, and, if so, identify the nature of such proceeding and your participation therein, the date of filing and docket number of each such proceeding, attaching a copy of each such charge, proceeding or complaint to your answers to these interrogatories, and the present status of each such proceeding and, if the same has been disposed of, the disposition thereof.

9. Identify each person having any knowledge relevant to the subject matter of this litigation. As to each such person so identified, describe fully his or her knowledge.

10. Identify all statements, summaries, notes or other documents that relate to, confirm or contain information or facts known to, or believed to be known to, each person or witness that Plaintiff believes has knowledge that supports, rebuts, relates or is otherwise relevant to his claims or the defenses of Defendant in this matter.

11. Identify all persons with knowledge of and all documents that concern Plaintiff's claims that he suffered financial harm due to any act(s) of Defendant including, but not limited to, documents identifying, stating or showing the amount of money damages sought and how that amount was calculated.

12. Identify all persons with knowledge of any and all documents that concern Plaintiff's claims of emotional distress, mental anguish, humiliation, embarrassment, and uninsured medical expenses, including, but not limited to, documents identifying, stating or showing the amount of damages sought and those showing how that amount was calculated.

13. Identify all persons with knowledge of and all documents that relate to any treatment, therapy, diagnosis, prognosis and/or consultation accorded Plaintiff by any health care provider, doctor, psychologist, psychiatrist, counselor, social worker, medical group and/or therapist, including prescriptions, receipts for the purchase of medications, check stubs, invoices or receipts for treatment, or therapy, charts, reports, and the name and office address of any such health care provider, doctor, psychologist, counselor, social worker, medical group and/or therapist, for any physical, mental, emotional or medical condition, emotional or mental distress, concern or condition during the period beginning 2001 to the present.

14. During your employment with Defendant and thereafter, identify each potential employer that you contacted, each job that you applied for and each employment agency that you contacted.

15. Identify each expert with whom you have consulted and/or retained for purposes of this lawsuit for any period of time and the subject matter of each such person's area of expertise.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601, 5008
Facsimile : (302) 576-3282, 3476
wbowser@ycst.com; mdibianca@ycst.com

**OF COUNSEL**
PROSKAUER ROSE LLP
John P. Barry, Esq. (JPB-6489)
One Newark Center, 18th Floor
Newark, New Jersey 07102
973.274.3200
973.274.3299
jbarry@prosauker.com
Attorneys for Defendant

DATED: July 5, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES C. HILL, Plaintiff, | ) | |
| v. | ) | C.A. No. 05-452-JJF |
| SUPER FRESH FOOD MARKETS, INC., Defendant. | ) | |

**DEFENDANT'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

**PLEASE TAKE NOTICE** that, pursuant to Rule 34 of the Federal Rules of Civil Procedure ("F.R.C.P.), Defendant, Super Fresh Food Markets, Inc. ("Defendant"), hereby requests that Plaintiff, James C. Hill ("Plaintiff") produce for inspection and copying the following documents in his possession, custody or control, in accordance with the following definitions and instructions. The production of said documents shall take place at the offices of Young, Conaway, Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19899-0391 on or before 30 days from your receipt hereof. Plaintiff is further requested, pursuant to Rule 34, to organize and label the documents set forth below to correspond with the categories of documents set forth in this request.

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the following terms shall have the meanings indicated below:

A. "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any

type or description, including, but not limited to, the original and any copy of any book, pamphlet, periodical, letter, e-mail, memorandum, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, other communication (including interoffice or intraoffice communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bills (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photographic negative, phonorecord, tape recording, wire recording, transcript of recordings, drawing, catalogue, brochure, any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which plaintiff has or has had access.

B. "Employment" includes any job, position, function or responsibility for which Plaintiff received or would expect to receive compensation, including consulting, advising and self-employment.

C. The term "Complaint" shall mean the Complaint and Jury Demand filed on behalf of James C. Hill in the United States District Court District of Delaware, bearing Docket No. 05-CV-452 (JJF).

D. All requested documents in Plaintiff's possession, custody or control are to be produced. This includes documents in the possession, custody or control

of Plaintiff's attorneys, any third party or parties to whom Plaintiff has surrendered possession, custody or control of documents, anyone acting on Plaintiff's behalf, anyone who has otherwise obtained possession, custody or control of documents, or anyone who, upon request, would surrender possession, custody or control of documents to Plaintiff.

E. In the event that any document responsive to these requests is withheld pursuant to a claim of attorney-client privilege, work-product privilege, immunity or other such basis, Plaintiff is requested to specify the basis for nonproduction of the information or document, the date of the preparation or transmission of the information or document, its generic description (e.g., letter, memorandum, etc.), the identity of all persons who prepared and received the information or document, and its general subject matter.

F. Each request herein for documents to be produced contemplates production of the document in its entirety, without abbreviation or expurgation. If Plaintiff is unable to produce a complete version of a document, he is to state so in writing and to produce whatever portion of said document that he is able to produce, specifying her inability to produce the remaining portion of said document, and stating whatever information or knowledge he has concerning the document(s) he is unable to produce, including, but not limited to, the content of such document. If any such document was, but is no longer in his possession, custody or control, he must state the disposition that was made of it, the individual or entity currently in possession of the document, and the reason for such disposition.

G. In the event that any document called for by this request has been destroyed, that document is to be identified in writing as follows: addressor, addressee,

indicated or blind copies, date, subject matter, number of pages, attachments, exhibits or appendices, all persons to whom distributed, shown, explained or discussed, date of destruction, manner of destruction, person who authorized destruction, and person who destroyed the document.

H. This request shall be deemed to be continuing in nature, so as to require further and supplemental production if Plaintiff discovers, receives or generates additional responsive documents between the time of original production and the time of trial.

I. Unless otherwise specified, the requests set forth below apply to documents created or dated from 2000 through the present.

J. Attached hereto as Exhibit A is an Authorization and Request for Pharmaceutical and Medical Records. Please fill out and sign one copy of this form for each pharmacy and medical provider used or visited by Plaintiff, and return to Defendant's counsel.

## DOCUMENT REQUESTS

1. All documents or tangible things which refer or relate in any way to any offers of employment made by Defendant to Plaintiff.

2. All documents or tangible things which refer or relate in any way to the terms and conditions of Plaintiff's employment with Defendant.

3. All documents or tangible things which refer or relate in any way to the evaluation, formal or informal, of Plaintiff's work as an employee of Defendant.

4. Notes, memoranda, diaries, calendars, logs, e-mails, records, tape recordings, answering machine tapes, computer files, videotapes and similar documents which contain Plaintiff's records, notes, descriptions or thoughts concerning his work assignments, responsibilities, transfers, discipline, work environment, relationship to his superiors, peers and subordinates and any other aspect of his employment with Defendant.

5. All appointment books, diaries, timesheets and calendars used and maintained in paper or electronic format by, or on behalf of, Plaintiff from 2000 to the present.

6. All documents or tangible things which refer or relate in any way to the separation of Plaintiff's employment from Defendant.

7. All documents concerning Plaintiff's reasons for the separation of his employment from Defendant.

8. All documents concerning Plaintiff's attempts to obtain employment subsequent to the separation of his employment with Defendant, and all such materials reflecting the results of such efforts, including, but not limited to:

a. correspondence between Plaintiff and employment agencies;

b. resumes, applications or background information forms, whether submitted to an employment agency or a potential employer;

c. correspondence between Plaintiff and potential employers;

d. contracts of employment;

e. offers of employment; and

f. rejection of applications for employment.

9. All documents or tangible things which refer or relate to the terms and conditions of any job held by Plaintiff subsequent to the separation of his employment with Defendant.

10. All documents concerning Plaintiff's attempts to obtain employment during his employment with Defendant and before the separation of his employment with Defendant, and all such materials reflecting the results of such efforts, including, but not limited to:

a. correspondence between Plaintiff and employment agencies;

b. resumes, applications or background information forms, whether submitted to an employment agency or a potential employer;

c. correspondence between Plaintiff and potential employers;

d. contracts of employment;

e. offers of employment; and

f. rejection of applications for employment.

11. All documents or tangible things which refer or relate to the terms and conditions of any job held by Plaintiff contemporaneous with his employment with Defendant.

12. All documents relating to Plaintiff's income, compensation and benefits subsequent to or contemporaneous with his employment at Defendant, including, but not limited to, Plaintiff's salary reviews, bonus letters, bonus pay stubs and salary pay stubs.

13. Copies of all federal, state and local income tax returns (including all schedules, forms, statements and exhibits) and all paycheck stubs, W-2 Forms, and/or Form 1099s, and all documents which reflect your receipt of income from 2002 through the present.

14. Complaints, charges, petitions, written submissions, supporting papers or other documents filed by Plaintiff or any of his agents or attorneys on his behalf in any judicial or administrative forum relating to Plaintiff's employment with Defendant.

15. Findings of fact, decisions, hearing transcripts, notices or rulings made by any judicial or administrative officer with respect to complaints or claims filed by Plaintiff or his agents or attorneys.

16. All pleadings, motions, supporting memoranda, correspondence and other documents arising out of or in connection with complaints, charges, petitions or other litigation where Plaintiff was a party in any judicial or administrative forum.

17. All documents concerning Plaintiff's allegations in the Complaint that he was constructively discharged on or about August 12, 2003 on the basis of age.

18. All documents concerning Plaintiff's allegations that on or about 2002, Plaintiff was transferred to a different shift with reduced hours and over-time.

19. All documents concerning Plaintiff's allegations that similarly situated younger employees received more hours and over-time.

20. All documents concerning Plaintiff's allegations that Josh Finnical and Phil Johnston stated at a meeting that Plaintiff was 'too slow' and demanded that he sign documentation from such meeting.

21. All documents concerning Plaintiff's allegations in the Complaint that Plaintiff was constructively discharged on or about August 12, 2003.

22. All documents concerning Plaintiff's communications with any and all individuals concerning the allegations in the Complaint, Plaintiff's health and Plaintiff's job duties and responsibilities as Defendant's employee, including, but not limited to:

a. Josh Finnical

b. Phil Johnston

23. All documents related to damages, loss of earnings, earning capacity and/or benefits as a result of Defendant's alleged conduct as set forth in the Complaint.

24. All documents concerning any treatment, therapy, diagnosis, prognosis and/or consultation accorded Plaintiff by any health care provider, doctor, psychologist, psychiatrist, counselor, social worker, medical group and/or therapist, including prescriptions, receipts for the purchase of medications, check stubs, invoices or receipts for treatment, or therapy, charts, reports, and the name and office address of any such health care provider, doctor, psychologist, counselor, social worker, medical group and/or therapist, for any physical, mental, emotional or medical condition, emotional or mental distress, concern or condition during the period beginning in 2000 to present. In addition, Plaintiff is to provide standard medical information release authorizations, a form of

which is attached as Exhibit A, for the release of medical records maintained by any health care provider with whom plaintiff has consulted since January 1, 2000.

25. All documents concerning any medications Plaintiff has taken between 2000 and the present.

26. All documents not previously requested that contain or describe Defendant's policies or practices.

27. All complaints, charges or written submissions filed by Plaintiff with Defendant or any employee of Defendant pertaining to the allegations contained in the Complaint.

28. All documents, including, but not limited to, tape recordings and e-mails, containing, describing or relevant to communications (whether oral or written) between Plaintiff and any officer, employee or agent of Defendant that refer or relate in any way to the allegations contained in the Complaint.

29. All documents not previously requested concerning Plaintiff's allegations against Defendant.

30. All documents not previously requested or produced above concerning Plaintiff's employment with Defendant.

31. All documents concerning each and every person whom Plaintiff will call, may call, or expect to call as an expert witness at the trial of this matter, including, but not limited to, all expert reports, drafts and documents prepared by or provided to any expert witness(es) in this case.

32. All documents used or relied upon by Plaintiff in responding to Defendant's First Set of Interrogatories.

33. All documents concerning Plaintiff's claim for attorneys' fees, including documents setting forth a fee arrangement between Plaintiff and his attorney(s) in this matter.

34. All documents concerning Plaintiff's claim of age discrimination in violation of the Age Discrimination in Employment Act , 29 U.S.C. § 621 *et seq.*

35. All documents concerning Plaintiff's claim of age discrimination in violation of the Delaware Discrimination in Employment Act.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601, 5008
Facsimile : (302) 576-3282, 3476
wbowser@ycst.com; mdibianca@ycst.com

**OF COUNSEL**
PROSKAUER ROSE LLP
John P. Barry, Esq. (JPB-6489)
One Newark Center, 18th Floor
Newark, New Jersey 07102
973.274.3200
973.274.3299
jbarry@prosauker.com
Attorneys for Defendant

Dated: July 5, 2006

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES C. HILL, )
)
Plaintiff, )
) C.A. No. 05-452-JJF
v. )
) **AUTHORIZATION FOR RELEASE**
) **OF MEDICAL RECORDS**
SUPER FRESH FOOD MARKETS, INC., )
)
Defendant. )

TO: ______________________
______________________
______________________

Pursuant to the requirements of the applicable federal and state law, including but not limited to, the Health Insurance Portability and Accountability Act, authorization is hereby given for you to furnish to **John P. Barry, Esq., Proskauer Rose LLP, One Newark Center, 18th Floor, Newark, New Jersey 07102**, or his designee in the above action, copies of the records in your custody pertaining to my care, including, but not limited to:

> records maintained by you and/or your office relating to any treatment, services, therapy and/or counseling, and documents concerning conversations, counseling sessions, diagnoses, symptoms, billing and accounting information, appointments, medical prescriptions, medical tests conducted and the results thereof, records of referral to other physicians, health care practitioners or counselors and reports or records relating thereto, handwritten and typed notes and reports, x-rays, invoices, lab reports, diagnostic tests, studies, examinations and any other documents and information acquired or created by you in attending to me in a professional capacity.

I have the right to revoke this authorization, in writing, at any time by sending notification to you.

A revocation will prevent you from further use or disclosure of my protected health information, but it will not retract the uses or disclosures that have already been made pursuant to the authorization. Revocations will not be effective to the extent that you have taken action based on the authorization.

The protected health information used or disclosed pursuant to this authorization may be re-disclosed by the recipient and may no longer be protected by federal or state law.

I have the right to refuse to sign this authorization.

I have the right to inspect and copy the protected health information covered by this authorization.

This authorization will remain effective until June 30, 2007.

By signing below I acknowledge that I have read and understand my rights relating to this authorization for the use and disclosure of my protected health information.

____________________________
James C. Hill

SSN: ________________________

Should you have any questions, please call the attorney for Defendant: John P. Barry, Esq., Proskauer Rose LLP (973) 274-3200.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES C. HILL, Plaintiff,

v.

SUPER FRESH FOOD MARKETS, INC., Defendant.

C.A. No. 05-cv-00452-JJF

**CERTIFICATE OF SERVICE**

I, Margaret M. DiBianca, hereby certify that on July 5, 2006, I electronically filed a true and correct copy of the ***Notice of Filing of Discovery Pursuant to Local Rule 5.4(f), Defendant's First Set of Interrogatories Directed to Plaintiff*** and ***Defendant's First Request for Production of Documents Directed to Plaintiff*** with the Clerk of the Court using CM/ECF. I further certify that on July 5, 2006, I caused to be served two (2) true and correct copies of the foregoing ***Notice of Filing of Discovery Pursuant to Local Rule 5.4(f), Defendant's First Set of Interrogatories Directed to Plaintiff*** and ***Defendant's First Request for Production of Documents Directed to Plaintiff*** on the following non-registered participant via postage prepaid, First Class Certified U.S. Mail/Return Receipt Requested:

James C. Hill
3 Mackenzie Drive
Newark, DE 19711-1505

YOUNG CONAWAY STARGATT & TAYLOR, LLP
/s/ Margaret M. DiBianca
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
Telephone: (302) 571-6601, 5008
Facsimile : (302) 576-3282, 3476
wbowser@ycst.com; mdibianca@ycst.com

[continued next page]

OF COUNSEL
John P. Barry, Esquire
Marc Elliot Alifanz, Esquire
Proskauer Rose LLP
One Newark Center, 18th Floor
Newark, NJ 07102-5211
Telephone: (973) 274-6031
Facsimile: (973) 274-3299
jbarry@proskauer.com; malifanz@proskauer.com
Admitted Pro Hac Vice
Attorneys for Defendant

DATED: July 5, 2006